UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PRITCHARD,

    Plaintiff,

v.                          Case No: 2:19-cv-94-FtM-29MRM

FLORIDA HIGH SCHOOL ATHLETIC
ASSOCIATION, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Preliminary Injunction (Doc. #5) filed on February 14, 2019. Defendant filed a Memorandum in Opposition (Doc. #24) on March 14, 2019. The Court heard oral arguments on the motion on March 18, 2019. For the reasons set forth below, the motion is denied.

**I.**

On February 13, 2019, plaintiff Thomas Pritchard filed a three-count Verified Complaint against defendant Florida High School Athletic Association, Inc., alleging violations of Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973, based on disability discrimination. (Doc. #1, pp. 12-16.) Defendant is a non-profit corporation and the athletic administrative organization that regulates student participation in Florida high school athletic programs. (Id. p. 2.) As part of this regulation, defendant adopts and publishes bylaws relating

to student-athlete eligibility. (Id. p. 3.) One such bylaw provides the following:

> **9.5.1 High School Student Has Four Years of Eligibility.** A student is limited to four consecutive school years of eligibility beginning with school year he/she begins ninth grade for the first time. This does not imply that the student has four years of participation. After four consecutive school years, the student is permanently ineligible.

(Doc. #1-3, p. 23.)

Per the Verified Complaint, plaintiff participated in high school athletics during his ninth and tenth grade years in Virginia before transferring to Florida and attending the Canterbury School. (Id. pp. 4-6.) Based on a pre-enrollment assessment, Canterbury administrators recommended plaintiff repeat the tenth grade. (Id. p. 6.) Plaintiff did so, and competed in the school's basketball and lacrosse programs. (Id.) The following year in the eleventh grade, plaintiff competed in the school's football, basketball, and lacrosse programs. (Id.) Under defendant's Bylaw 9.5.1, this was the final year of plaintiff's eligibility because it was his fourth consecutive year in high school.

Plaintiff is now in the twelfth grade at Canterbury and on track to graduate at the end of the school year. (Id. p. 7.) In August 2018, Canterbury filed a request with defendant to waive Bylaw 9.5.1 and allow plaintiff to have an additional year of eligibility. (Doc. #1-4, pp. 24-27.) During the 2017-18 school year, Canterbury staff recommended a psychologist test plaintiff.

(Doc. #1, pp. 6-7.)  A full psychoeducational evaluation concluded plaintiff possessed a learning disorder with impairment in reading and comprehension.  (Id. p. 7.)  Canterbury administrators also identified a previous injury to plaintiff's hand, which caused him to have to write with his non-dominate hand, as a physical disability that adversely affected his math proficiency.  (Id. p. 7.)  As a supplement to the school's requested waiver, plaintiff's attorney argued that a waiver was appropriate because of, *inter alia*, plaintiff's learning disability and his hand injury.  (Doc. #1-4, p. 50.)

Defendant's Sectional Appeals Committee held a hearing on the matter on September 6, 2018 and ultimately denied the request for a waiver.  (Doc. #1-6, p. 109.)  A second hearing was held on October 4, 2018 with the same result.  (Doc. #1-8, p. 150.) Plaintiff appealed the Committee's decision to defendant's Board of Directors, which conducted a hearing on October 28, 2018.  (Doc. #1-10, p. 195.)  The Board upheld the Committee's ruling denying the waiver on November 1, 2018.  (Id.)

On February 14, 2019, plaintiff filed a Motion for Temporary Restraining Order seeking, *inter alia*, a temporary restraining order and preliminary and permanent injunctions ordering defendant to accommodate him by allowing him to participate in boys' lacrosse during the 2018-19 school year.  (Doc. #5, p. 2.)  On February 19, 2019, the Court denied the portion of the motion seeking a

temporary restraining order.  (Doc. #6.)  The Court found that by waiting to file the motion for nearly three and a half months until only two days before the lacrosse team's season began, the "emergency" nature of the plaintiff's situation was his own making. (Id. p. 5.)

On February 25, 2019, plaintiff filed a request for a hearing on his motion for preliminary injunction.  (Doc. #14.)  The Court granted the motion, (Doc. #21), and a hearing was conducted on March 18, 2019.  Having considered the arguments made at the hearing and in the motion, as well as the applicable case law, the Court finds the request for a preliminary injunction should be denied.

**II.**

In determining whether preliminary injunctive relief is to be granted, the Court considers whether the movant has established (1) a substantial likelihood of success on the merits, (2) that irreparable injury will be suffered if the relief is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and (4) that entry of the relief would serve the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  In this Circuit, a preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion'" as to each of the four prerequisites.  Siegel v.

LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted). Because the movant "must meet all four prerequisites to obtain a preliminary injunction, failure to meet even one dooms" the motion. Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2016).

A preliminary injunction is typically prohibitive in nature and seeks simply to maintain the status quo pending a resolution of the merits of the case. Haddad v. Arnold, 784 F. Supp. 2d 1284, 1295 (M.D. Fla. 2010); see also Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011) (noting that the purpose of the "extraordinary remedy" of a preliminary injunction in advance of trial is "to preserve the positions of the parties as best [the court can] until a trial on the merits may be held"). Here, plaintiff does not seek to maintain the status quo, but rather seeks an injunction ordering defendant to accommodate him by allowing him to participate in the lacrosse season. (Doc. #5, p. 2.) Such a request is considered a "mandatory or affirmative injunction." While defendant argues that such an injunction requires a heightened burden of demonstrating entitlement on plaintiff, it cites no binding authority. The Court therefore holds plaintiff to the usual requirements.

**III.**

**A. Irreparable Injury**

The Court begins its analysis by reexamining its prior conclusion that plaintiff's three and a half months delay in moving for *ex parte* relief was fatal to his request for a temporary restraining order. In examining the factors for a preliminary injunction, the Eleventh Circuit has noted that waiting such a period undercuts an argument that the movant faces "irreparable injury" without relief:

> A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm. A preliminary injunction requires showing "imminent" irreparable harm. Indeed, the very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's right before a case can be resolved on its merits. For this reason, our sister circuits and district courts within this Circuit and elsewhere have found that a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm.

Wreal, 840 F.3d at 1248 (citations omitted).

Plaintiff argues his delay in pursuing injunctive relief does not negate a finding of irreparable harm as he possesses a reasonable explanation for the delay. (Doc. #14, p. 6); see also Roberts v. Swearingen, 2018 WL 4620707, *2 (Fla. M.D. Sept. 26, 2018) (noting many courts typically decline to grant preliminary injunctions in the face of "*unexplained* delays of more than two months" (emphasis added and citation omitted)). Plaintiff has

submitted affidavit evidence that he suffered severe depression after defendant denied his eligibility request and became "paralyzed" for several months. (Doc. #14-3, p. 233.) Due to this depression, plaintiff did not want to pursue any legal action regarding his eligibility for some time. (Id. pp. 233-34.)

For purposes of the motion, the Court will assume the validity of plaintiff's assertions and that they are sufficient to excuse his delay. See Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc., 46 Fed. App'x 964, 984 (Fed. Cir. 2002) ("[W]e excuse delayed requests for Rule 65 relief when, as in this case, the movant has offered a 'good explanation' for that delay."); Kotori Designs, LLC v. Living Well Spending Less, Inc., 2016 WL 6833004, *2 (M.D. Fla. Nov. 21, 2016) ("If Ms. Dalton's claims are true, then the Court agrees that Plaintiff did not unreasonably delay in pursuing injunctive relief.").

**B. Likelihood of Success on the Merits**

Nonetheless, the Court finds a preliminary injunction is inappropriate because plaintiff has failed to demonstrate a substantial likelihood of success on the merits. Plaintiff's claims are based upon Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the ADA, 42 U.S.C. § 12132, *et. seq.* (Doc. #1, p. 3.) As such, the Court will analyze the "substantial likelihood of success" element as it relates to each of these statutes.

**(1) Rehabilitation Act**

The Rehabilitation Act provides, in pertinent part, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Accordingly, to establish a claim under the Rehabilitation Act, plaintiff must prove: (1) he has a disability as defined by the Act; (2) he is "otherwise qualified" to participate in high school athletics as regulated by defendant, or that he may be "otherwise qualified" via "reasonable accommodations;" (3) he is being excluded from participating in high school athletics "solely because of his disability;" and (4) defendant receives federal financial assistance. Johnson v. Fla. High School Activities Ass'n, Inc., 899 F. Supp. 579, 582 (M.D. Fla. 1995), *vacated on mootness grounds*, 102 F.3d 1172 (11th Cir. 1997).

The Court finds that even assuming plaintiff can meet the other elements, he likely cannot demonstrate the second and third elements listed above. Regarding the latter, it is clear plaintiff is not being excluded from participating in high school athletics "solely because of his disability." Rather, plaintiff is being excluded because he has already completed four consecutive years and, therefore, like every other student, he is ineligible

under defendant's bylaws. See Sandison v. Mich. High Sch. Athletic Ass'n, Inc., 64 F.3d 1026, 1032 (6th Cir. 1995) (finding high school athletic association's rule disqualifying students who reach nineteen years of age by a specified date could not be characterized as a decision made "solely by reason" of a student's disability because it was a neutral rule applied neutrally); see also Baird ex rel. Baird v. Rose, 192 F.3d 462, 468 n.6 (4th Cir. 1999) ("Undoubtedly, the application of a neutral rule that applies to disabled and nondisabled individuals alike cannot be considered discrimination on the basis of disability.").

The Court also finds that plaintiff has not demonstrated he is "otherwise qualified" to participate. Plaintiff cannot meet defendant's requirements in spite of his disability since he has already completed four consecutive years. Therefore, plaintiff's claim depends upon a showing that defendant could have reasonably accommodated him and refused to do so. See Sandison, 64 F.3d at 1034 ("Under section 504, a disabled individual is 'otherwise qualified' to participate in a program if, with 'reasonable accommodation,' the individual can meet the 'necessary' requirements of the program." (citing Doherty v. S. Coll. of Optometry, 862 F.2d 570, 574 (6th Cir. 1988)). "Reasonable accommodations do not require an institution 'to lower or to effect substantial modifications of standards to accommodate a handicapped person.'" Pottgen v. Mo. State High Sch. Activities

Ass'n, 40 F.3d 926, 930 (8th Cir. 1994) (quoting Se. Cmty. Coll. v. Davis, 442 U.S. 397, 413 (1979)). Accommodations are not reasonable if they impose "undue financial and administrative burdens," or if they require a "fundamental alteration in the nature of [the] program." Id. (quoting Sch. Bd. of Nassau Cty., Fla. v. Arline, 480 U.S. 273, 287 n.17 (1987)).

Plaintiff's Verified Complaint argues that the requested accommodation, that is, allowing him an additional year of eligibility, is neither an undue burden nor fundamentally alters defendant's program. (Doc. #1, pp. 13, 15.) In contrast, defendant argues waiving the four-year rule to allow plaintiff a fifth year of participation "would alter the fundamental nature" of defendant's eligibility program. (Doc. #24, p. 33.) The Court agrees with defendant. Several circuit courts considering similar issues have found such waivers constituted fundamental alterations. See McPherson v. Mich. High Sch. Athletic Ass'n, Inc., 119 F.3d 453, 462 (6th Cir. 1997) ("Requiring a waiver of the eight-semester rule, under the circumstances present here, would work a fundamental alteration in Michigan high school sports program."); Sandison, 64 F.3d at 1035 (concluding waiver of age restriction fundamentally alters the high school sports program); Pottgen, 40 F.3d at 929-30 (finding age restriction was an essential eligibility requirement and waiving such a requirement would constitute a fundamental alteration of high school sports

program). The Court finds these opinions persuasive and determines the accommodation plaintiff is requesting, i.e., waiving the applicable bylaw, would be a fundamental alteration of defendant's program.[1] Accordingly, the Court finds plaintiff has not demonstrated a substantial likelihood of success on his Rehabilitation Act claim.

**(2) Americans With Disabilities Act**

Turning to plaintiff's ADA claim, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

To establish a claim under Title II of the ADA, plaintiff must show (1) he is a "qualified individual with a disability," (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities,

---

[1] In support of his argument that the requested waiver is reasonable, plaintiff relies heavily on this Court's prior opinion in Johnson v. Florida High School Activities Association, Inc., 899 F. Supp. 579, 582 (M.D. Fla. 1995). However, as previously noted, Johnson was vacated by the Eleventh Circuit after that court determined the issue had been rendered moot. Johnson v. Fla. High School Activities Ass'n, Inc., 102 F.3d 1172 (11th Cir. 1997). It is also worth noting that the district court opinion in Johnson relied mainly on the dissent in Pottgen and the district court decision subsequently reversed in Sandison. Johnson, 899 F. Supp. at 585.

or was otherwise discriminated against by a public entity, and (3) the exclusion, denial of benefit, or discrimination was by reason of his disability.[2]  See Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1083 (11th Cir. 2007).  As with the Court's determination regarding section 504 of the Rehabilitation Act, the Court finds plaintiff cannot demonstrate a substantial likelihood of success regarding his ADA claim because he is not a "qualified individual with a disability" and his exclusion from participation was not "by reason" of his disability.[3]

Regarding the latter element, the Court notes again that plaintiff is prevented from participating in high school athletics this year not because of his disability, but because he has already completed four consecutive years.  Accordingly, the Court finds plaintiff is unlikely to succeed in establishing the "by reason of his disability" element.  See Sandison, 64 F.3d at 1036 ("We again conclude that Sandison and Stanley were excluded by reason of age, not disability.  Absent their respective learning disability, the

---

[2] For purposes of this Order, the Court will assume without deciding that defendant is a public entity.

[3] The Eleventh Circuit has noted that claims brought under the Rehabilitation Act are evaluated under the same standards as claims brought under the ADA.  Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 n.3 (11th Cir. 2001); see also Badillo v. Thorpe, 158 Fed. App'x 208, 214 (11th Cir. 2005) ("With the exception of its federal funding requirement, the RA uses the same standards as the ADA, and therefore, cases interpreting either are applicable and interchangeable.").

plaintiffs still would not meet the age restriction. The plaintiffs are unlikely to succeed in establishing this element of the title II claim.").

As to the "qualified individual with a disability" element, the ADA defines that term as "an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). As noted previously, plaintiff only meets defendant's eligibility requirements if the four-year provision is waived. Because the Court has determined such a waiver would result in a fundamental alteration, the proposed modification is not reasonable. See Sandison, 64 F.3d at 1037 (concluding waiver of age restriction was not a reasonable modification); Pottgen, 40 F.3d at 931 (same). Therefore, plaintiff has not demonstrated a substantial likelihood of success on his ADA claim. Given plaintiff's failure to meet his burden, the motion for preliminary injunction is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Preliminary Injunction (Doc. #5) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record