UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PRITCHARD,

    Plaintiff,

v.                         Case No: 2:19-cv-94-FtM-29MRM

FLORIDA HIGH SCHOOL ATHLETIC
ASSOCIATION, INC.,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Emergency Motion for Reconsideration (Doc. #29) filed on March 25, 2019, seeking reconsideration of the Court's March 19, 2019 Opinion and Order (Doc. #28) denying plaintiff's Motion for Preliminary Injunction. Defendant filed a Response (Doc. #32) on April 2, 2019 and plaintiff filed a Reply (Doc. #36) on April 3, 2019. For the reasons set forth below, the motion is denied.

**I.**

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court, Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993), and courts have delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new

evidence; (3) the need to correct clear error or prevent manifest injustice," Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted).  Plaintiff seeks reconsideration based on newly-discovered evidence and to prevent manifest injustice.  (Doc. #29, p. 1.)

**II.**

Plaintiff filed his Motion for Preliminary Injunction (Doc. #5) on February 14, 2019, and the Court heard oral arguments on the matter on March 18, 2019.  Prior to the oral arguments, defendant's Director of Eligibility and Compliance filed an affidavit regarding previous waivers of its Bylaw 9.5.1.[1]  (Doc. #25.)  In the affidavit, the Director stated defendant's Eligibility and Compliance Services Department reviewed Sectional Appeal logs to identify cases that approved a waiver of Bylaw 9.5.1 in the last five years.  (Id. p. 3.)  Based on the cases identified, only one student since the 2012-13 school year had received a fifth year of eligibility and participation based on a waiver of the bylaw.  (Id.)  The affidavit also noted, "In some cases there was not sufficient information to determine how many years the student had participated in athletics."  (Id.)

---

[1] Bylaw 9.5.1 provides that a student's eligibility is limited to four consecutive school years beginning with the school year the student begins ninth grade for the first time. (Doc. #1-3, p. 23.)

Following oral arguments, the Court denied plaintiff's Motion for Preliminary Injunction. (Doc. #28.) In the Opinion and Order, the Court determined plaintiff was not being excluded from participating in high school athletics "solely because of his disability," but, instead, due to his completion of four consecutive years under Bylaw 9.5.1. (Id. p. 8-9.) The Court also found plaintiff had failed to demonstrate he was "otherwise qualified" to participate because, again, he had already completed four consecutive years. (Id. p. 9.)

Plaintiff now asserts that in denying the Motion for Preliminary Injunction, the Court relied on defendant's representation that only one student since the 2012-13 school year has been allowed a fifth year of eligibility and participation based on a waiver of Bylaw 9.5.1. (Doc. #29, p. 2.) Plaintiff states that since the Court denied the motion, he has discovered defendant "has access to at least three additional sources of information that could have determined whether students who received an approved Bylaw 9.5.1 waiver had competed in four years of high school competition." (Id. p. 2, 7.) Plaintiff notes that defendant's access to such sources was never disclosed to the Court. (Id. p. 7.)

In response, defendant denies that it made a misrepresentation to the Court, and instead suggests plaintiff is mischaracterizing the affidavit. (Doc. #32, pp. 1-5.) Defendant

also argues, *inter alia*, that plaintiff's motion does not meet the legal standard for entitlement to reconsideration. (Id. pp. 10-13.)

**III.**

Having reviewed the arguments of the parties, the Court finds reconsideration of its prior Opinion and Order is not warranted. The Court is unconvinced by plaintiff's claim that defendant made misrepresentations in responding to the Motion for Preliminary Injunction. The affidavit at issue noted the findings were based on a review of defendant's Sectional Appeal logs and did not claim to be an exhaustive search of the records available to defendant. The Court finds no misrepresentation in the statement. Plaintiff's suggestion that defendant should have conducted "a comprehensive compilation of data and information from available databases and member school files" (Doc. #36, p. 2) ignores the fact that "[p]reliminary injunctions are, by their nature, products of an expedited process often based upon an underdeveloped and incomplete evidentiary record." Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1171 (11th Cir. 2002); see also Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, 740 F.2d 892, 893 (11th Cir. 1984) (recognizing that "the grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts").

Additionally, plaintiff's characterization of the significance of other sources of information is greatly exaggerated. Plaintiff's claims of newly discovered evidence and manifest injustice are premised upon an assertion that the Court relied upon defendant's prior representation. See (Doc. #29, p. 5) ("Thus, this Court's ruling was based on the FHSAA's representations that since the 2012-13 school year it only waived Bylaw 9.5.1 for one student who participated for four school years."). Plaintiff goes so far as to state defendant's representation "formed the core" of the Court's Opinion and Order. (Id. p. 2.) Plaintiff misreads the Court's Opinion and Order.

Nowhere in the Court's Opinion and Order denying the Motion for Preliminary Injunction does the Court reference, let alone rely upon, defendant's representations at issue here. Rather, the Court determined plaintiff was not denied participation based solely on his disability and was not otherwise qualified to participate. (Doc. #28, p. 8-9.) These determinations were not based on representations by defendant, but instead on the undisputed facts that plaintiff is in his fifth consecutive year of high school and is therefore ineligible under Bylaw 9.5.1. See (Id. p. 8) ("[P]laintiff is being excluded because he has already completed four consecutive years and, therefore, like every other student, he is ineligible under defendant's bylaws.").

Additionally, plaintiff's newly discovered evidence has no substance. Plaintiff does not dispute defendant's representations as to one prior student, but simply raises the possibility that there may be others. This is not sufficient to warrant reconsideration.[2]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Emergency Motion for Reconsideration (Doc. #29) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of April, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

[2] The Court denies plaintiff's alternative argument that the affidavit should be disregarded. (Doc. #29, pp. 8-9.)