THOMAS PRITCHARD,

    Plaintiff,

v.                        Case No: 2:19-cv-94-FtM-29MRM

FLORIDA HIGH SCHOOL ATHLETIC
ASSOCIATION, INC.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #44) filed on May 31, 2019. Plaintiff filed a Response in Opposition (Doc. #45) on June 14, 2019, defendant filed a Reply (Doc. #49) on June 27, 2019, and plaintiff filed a Sur-Reply (Doc. #52) on July 5, 2019. For the reasons that follow, the motion is granted in part and denied in part.[1]

**I.**

**A. Parties**

When this action commenced, plaintiff Thomas Pritchard was an eighteen-year-old high school senior at the Canterbury School in Fort Myers. (Doc. #40, p. 2.) Defendant Florida High School

---

[1] Defendant also filed a Motion for Oral Argument (Doc. #46) on June 17, 2019. The Court finds oral argument is unnecessary in deciding the Motion to Dismiss and, therefore, the request for oral argument will be denied.

Athletic Association, Inc. is a non-profit corporation and the athletic administrative organization that regulates student participation in Florida high school athletic programs. (Id.) As part of this regulation, defendant adopts and publishes bylaws relating to student-athlete eligibility. (Id. p. 3.) One such bylaw provides the following:

> **9.5.1 High School Student Has Four Years of Eligibility.** A student is limited to four consecutive school years of eligibility beginning with school year he/she begins ninth grade for the first time. This does not imply that the student has four years of participation. After four consecutive school years, the student is permanently ineligible.

(Doc. #40-1, p. 30.)

**B. Factual Background**

According to the Amended Complaint, plaintiff participated in high school athletics during his ninth and tenth grade years in Virginia before transferring to Florida and attending Canterbury. (Doc. #40, pp. 4-6.) Based on a pre-enrollment assessment, Canterbury administrators recommended plaintiff repeat the tenth grade, which he did. (Id. p. 6.) Plaintiff competed in the school's various sports during his tenth and eleventh grade years. (Id.) During plaintiff's eleventh grade year, Canterbury staff recommended a psychologist test plaintiff's learning ability. (Id. pp. 6-7.) A full psychoeducational evaluation concluded plaintiff possessed a learning disorder with impairment in reading

2

and comprehension. (Id. p. 7.) Canterbury administrators also identified a previous injury to plaintiff's hand as a physical disability that adversely affected his math proficiency. (Id.)

Under defendant's Bylaw 9.5.1, eleventh grade was the final year of plaintiff's eligibility to participate in interscholastic competition because it was his fourth consecutive year in high school. In August 2018, Canterbury filed a request with defendant to accommodate plaintiff's disabilities by waiving Bylaw 9.5.1 and allowing a fifth year of eligibility. (Id. p. 8.) Defendant's Sectional Appeals Committee held a hearing on the matter on September 6, 2018 and ultimately denied the request for a waiver.[2] (Id. p. 9.) A second hearing was held on October 4, 2018 with the same result. (Id. p. 10.) Plaintiff appealed the Committee's decision to defendant's Board of Directors, which conducted a hearing on October 28, 2018 and upheld the Committee's decision. (Id. pp. 10-11.)

**C. Procedural History**

On February 13, 2019, plaintiff filed a three-count Verified Complaint against defendant, alleging the following: (1) disability discrimination under the Americans with Disabilities

---

[2] The Committee determined that the decision to have plaintiff repeat the tenth grade was "a parental choice in order to place the student in a private school setting." (Doc. #40, p. 9; Doc. #40-4, p. 116.)

Act ("ADA"); (2) disability discrimination under the Rehabilitation Act of 1973; and (3) disparate impact discrimination under the ADA. (Doc. #1, pp. 12-16.) On March 6, 2019, defendant filed a Motion to Dismiss (Doc. #16) that was granted in part, and Counts One and Two were dismissed without prejudice and with leave to amend.[3] (Doc. #38.)

On May 20, 2019, plaintiff filed an Amended Complaint reasserting the previous three claims, as well as alleging a violation of Section 1006.20, Florida Statutes, as Count Four. (Doc. #40, pp. 12-26.) Plaintiff also seeks a declaratory judgment that Bylaw 9.5.1 was discriminatory as applied to him. (Id. p. 11.) On May 31, 2019, defendant filed a Motion to Dismiss arguing (1) plaintiff's claims are moot and (2) the claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #44, pp. 6-22.) The Court will address these arguments in turn.

**II.**

**A. Mootness**

**i. Legal Standards**

Article III of the Constitution "restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin,

---

[3] The Court denied defendant's request to dismiss Count Three, finding plaintiff pled sufficient facts to withstand dismissal. (Doc. #38, p. 13.)

568 U.S. 165, 171 (2013). There is no case or controversy, and a suit becomes moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 172 (citation omitted). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)). The mootness doctrine ensures that a justiciable case or controversy is present "at all stages of review." Gagliardi v. TJCV Land Tr., 889 F.3d 728, 733 (11th Cir. 2018) (citation omitted).

Accordingly, the question of mootness is jurisdictional in nature, Nat'l Advertising Co. v. City of Miami, 402 F.3d 1329, 1331-32 (11th Cir. 2005), and "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed," Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (citations omitted). However, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Chafin, 568 U.S. at 172 (citation omitted). The burden of establishing mootness rests with the party seeking dismissal, and the burden is a heavy one. Beta Upsilon Chi Upsilon Chapter at the Univ. of

5

Fla. v. Machen, 586 F.3d 908, 916 (11th Cir. 2009) (citations omitted).

### ii. Whether the Issues in the Amended Complaint are Moot

Defendant argues that because plaintiff has now graduated from high school, there is no longer a controversy between the parties and, thus, the issues raised in the Amended Complaint are moot. (Doc. #44, pp. 6-8.) In his Response, plaintiff concedes he has "graduated and will never compete again in high school." (Doc. #45, p. 5.) Nonetheless, plaintiff argues his claims are not moot because, *inter alia*, he "maintains a cognizable and an active interest in the resolution of this case" by seeking compensatory damages. (Id. pp. 2-3.) Prior to addressing plaintiff's argument, however, it is necessary to first address the Amended Complaint's request for declaratory judgment.

As noted, plaintiff requests a declaratory judgment that Bylaw 9.5.1 is discriminatory as applied to him. (Doc. #40, p. 11.) The Courts finds that because plaintiff has now graduated from high school, he is prevented from obtaining such relief. See Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cty., Fla., 842 F.3d 1324, 1330 (11th Cir. 2016) ("[A] court cannot grant declaratory relief when there is no 'immediate and definite governmental action or policy that has adversely affected and continues to affect a present interest.'" (citation omitted)); Adler v. Duval Cty. Sch. Bd., 112 F.3d 1475, 1477-78 (11th Cir.

6

1997) (finding the appellants' claims for declaratory relief regarding school policy were moot because all the appellants had graduated and "there is no reasonable expectation that they will be subjected to the same injury again"). Furthermore, plaintiff's request for declaratory relief does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. In order for that exception to apply, there must be a "reasonable expectation that *the same complaining party* will be subject to the same action again." Carver, 842 F.3d at 1330. As plaintiff has graduated from high school, the issues related to his high school athletic eligibility will not recur as to him. Accordingly, the Court finds plaintiff's request for declaratory judgment is moot and shall be dismissed with prejudice.

Turning to the substantive claims in the Amended Complaint, the Court agrees that most have not been rendered moot by plaintiff's graduation because plaintiff is seeking compensatory damages for alleged violations of his rights. (Doc. #40, p. 26.) Accordingly, plaintiff maintains a continuing interest in a judicial resolution of those alleged violations and the case remains a "live controversy." See Havens Realty Corp. v. Coleman, 455 U.S. 363, 371 (1982) ("Given respondents' continued active pursuit of monetary relief, this case remains 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" (citation omitted)); Adler, 112 F.3d at 1478

("Because the appellants' claim for money damages does not depend on any threat of future harm, this claim remains a live controversy."); McKinnon v. Talladega Cty., Ala., 745 F.2d 1360, 1362 (11th Cir. 1984) ("Unlike declaratory and injunctive relief, which are prospective remedies, awards for monetary damages compensate the claimant for alleged past wrongs.").[4]

While the Court's finding regarding compensatory damages means Counts One, Two and Four of the Amended Complaint cannot be dismissed on mootness grounds, the same determination does not apply to Count Three, plaintiff's disparate impact claim. Unlike Counts One and Two of the Amended Complaint, which allege intentional discrimination, compensatory damages are unavailable for a disparate impact claim under the ADA. See McCullum v. Orlando Reg'l Healthcare Sys., Inc., 768 F.3d 1135, 1146-47 (11th

---

[4] In both its Motion to Dismiss and its Reply, defendant argues plaintiff's claims for compensatory damages does not save the Amended Complaint from mootness because the Court previously "disposed" of plaintiff's claims for compensatory damages under Counts One and Two in plaintiff's original Complaint, and "the Court's conclusion as to compensatory damages should not change." (Doc. #44, pp. 8-9; Doc. #49, p. 2.) However, this is a misinterpretation of the Court's previous Opinion and Order. In that ruling, the Court dismissed Counts One and Two for failure to state a claim. (Doc. #38.) In doing so, the Court noted its ruling mooted defendant's separate argument that the compensatory damages sought in Counts One and Two should be dismissed due to lack of discriminatory intent. (Id. p. 13 n.3.) Accordingly, the Court did not rule on the sufficiently of plaintiff's request for compensatory damages or "dispose" of them as defendant now suggests.

Cir. 2014) ("To prevail on a claim for compensatory damages under either the RA or the ADA, a plaintiff must show that a defendant violated his rights under the statutes and did so with discriminatory intent."); Windham v. Harris Cty., Tex., 875 F.3d 229, 235 n.5 (5th Cir. 2017) ("To recover compensatory damages for disability discrimination under Title II of the ADA, a plaintiff must also show that the discrimination was 'intentional' in the sense that it was more than disparate impact.  This requirement exists because Title II incorporates the remedies in Title VI of the Civil Rights Act of 1964, and because 'private individuals c[annot] recover compensatory damages under Title VI except for intentional discrimination.'" (citations omitted)).

As compensatory damages are not permitted for plaintiff's disparate impact claim, and equitable relief such as an injunction or declaratory judgment is unavailable due to plaintiff's graduation, the Court finds Count Three of the Amended Complaint has been rendered moot. See Gagliardi, 889 F.3d at 733 ("[A] case becomes moot when the reviewing court can no longer offer any effective relief to the claimant."); Adler, 112 F.3d at 1478 ("Because any claim for equitable relief has been rendered moot by the appellants' graduations, we must vacate the district court's grant of summary judgment to the appellees on the appellants' claims for declaratory and injunctive relief and remand the case to the district court with instructions to dismiss those claims.").

Accordingly, the Court finds Count Three and the request for declaratory relief are moot and shall be dismissed with prejudice.

**B. Failure to State a Claim**

   **i.   Legal Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

As previously noted, defendant argues that each of plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because plaintiff has failed to plead sufficient facts showing he is legally entitled to relief. (Doc. #44, pp. 11-22.) The Court will address this argument as it relates to the remaining claims.

**ii. Disability Discrimination Under the Rehabilitation Act**

The Rehabilitation Act provides, in pertinent part, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Accordingly, to establish a prima facie case of discrimination under the Rehabilitation Act, plaintiff must show that he was: (1) disabled or perceived to be disabled; (2) a qualified individual; and (3)

discriminated against on the basis of his disability. Shannon v. Postmaster Gen. of U.S. Postal Serv., 335 Fed. App'x 21, 24 (11th Cir. 2009) (citing Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005)). Furthermore, if establishing discrimination by failure to make a reasonable accommodation, plaintiff must show that (1) he was disabled, (2) he was otherwise qualified, and (3) a reasonable accommodation was not provided. Nadler v. Harvey, 2007 WL 2404705, *5 (11th Cir. Aug. 24, 2007) (citation omitted). Defendant's Motion to Dismiss argues the Amended Complaint's allegations fail to establish a prima facie case of discrimination. (Doc. #44, p. 14.) Having considered the allegations in the Amended Complaint, as well as the arguments of the parties, the Court disagrees.

The Amended Complaint alleges plaintiff was a disabled-student athlete otherwise qualified to participate in athletics at Canterbury and defendant, a recipient of federal funds, refused to reasonably accommodate plaintiff's disabilities by failing to grant him a waiver of Bylaw 9.5.1. (Doc. #40, pp. 17-18.) The Amended Complaint further asserts defendant discriminated against plaintiff by considering his disabilities in implementing and applying the bylaw to the facts of the waiver request. (Id. p. 18.) Defendant argues the Amended Complaint does not state a claim of discrimination because it fails to sufficiently allege (1) plaintiff is "otherwise qualified" to participate, and (2) his

exclusion was "solely by reason" of his disabilities. (Doc. #44, p. 14.) While the Court dismissed the Rehabilitation Act claim in plaintiff's previous complaint on these grounds (Doc. #38), the Court finds the Amended Complaint alleges sufficient additional facts to survive a motion to dismiss at the pleading stage. See PGA Tour, Inc. v. Martin, 532 U.S. 661, 688 (2001) ("[A]n individualized inquiry must be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration."); Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1263 (11th Cir. 2007) (noting "the fact that Holly's non-disabled co-workers were equally subjected to Clairson's punctuality policy is not relevant to the question whether Clairson discriminated against Holly by failing to reasonably accommodate his disability").[5] Accordingly, defendant's request to dismiss the Rehabilitation Act claim is denied.

---

[5] While the courts in Martin and Holly were addressing ADA claims, claims raised under the Rehabilitation Act are evaluated under the same standards as claims raised under the ADA. Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 n.3 (11th Cir. 2001); see also Badillo v. Thorpe, 158 Fed. App'x 208, 214 (11th Cir. 2005) ("With the exception of its federal funding requirement, the RA uses the same standards as the ADA, and therefore, cases interpreting either are applicable and interchangeable.").

**iii. Disability Discrimination Under the ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II, plaintiff must show:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Bricoll v. Miami-Dade Cty., 480 F.3d 1072, 1083 (11th Cir. 2007).

Similar to the Rehabilitation Act claim, the Amended Complaint alleges plaintiff is disabled as defined by the ADA and defendant discriminated against him by reason of his disabilities. (Doc. #40, pp. 12-13.) Defendant's Motion to Dismiss argues the claim should be dismissed for the same reasons the Rehabilitation Act claim should be dismissed. (Doc. #44, p. 14). However, while the Court previously dismissed plaintiff's ADA claim for failing to sufficiently plead he was a "qualified individual" and his exclusion was "by reason" of his disability (Doc. #38), the Court finds the Amended Complaint contains sufficient factual allegations to survive dismissal. Accordingly, defendant's request to dismiss the ADA claim is denied.

### iv. Violation of Section 1006.20, Florida Statutes

Finally, Count Four of the Amended Complaint alleges defendant violated section 1006.20, Florida Statutes. (Doc. #40, p. 22.) Section 1006.20 provides defendant with the authority to adopt bylaws relating to student participation in interscholastic athletic teams. Count Four of the Amended Complaint alleges defendant violated various provisions of section 1006.20, for example by failing to provide plaintiff with the due process mandated by section 1006.20(7).[6] (Id. p. 24.) Defendant seeks to dismiss this claim on the basis it is refuted by the Amended Complaint's allegations regarding the appeal process plaintiff participated in. (Doc. #44, p. 21.) Having reviewed the allegations in the Amended Complaint, the Court finds it is unnecessary to address defendant's argument because plaintiff's claim is not permitted as a matter of Florida law.

The Second District has held that "no private cause of action exists under section 1006.20 of the Florida Statutes (2005) for an alleged failure to enact or enforce a particular bylaw." Miulli v. Fla. High Sch. Athletic Ass'n, Inc., 998 So. 2d 1155, 1157 (Fla.

---

[6] Section 1006.20(7) requires defendant to "establish a procedure of due process which ensures each student the opportunity to appeal an unfavorable ruling with regard to his or her eligibility to compete." § 1006.20(7), Fla. Stat.

2d DCA 2008). In reviewing the statute, the court stated the following:

> Section 1006.20 of the Florida Statutes, titled "Athletics in public K-12 schools," provides FHSAA with the exclusive authority to adopt bylaws relating to student participation in interscholastic athletic teams. Nothing in the statute indicates that the Florida Legislature intended to create a private cause of action for individuals based upon the FHSAA's failure to enact or enforce bylaws.
>
> Chapter 1006 of the Florida Statutes, as a whole, contains various regulations regarding the health, safety, and welfare of students. However, the only provision which expressly provides for civil liability is section 1006.24 which imposes tort liability on district school boards for claims arising out of the use of a school bus or other motor vehicle used to transport students. Neither this provision, nor any other, specifically imposes civil liability upon the FHSAA. Under the doctrine of *inclusio unius est exclusio alterius*, the express authorization to pursue a private right of action for tort claims arising out of school bus accidents demonstrates that the legislature did not intend to provide a private cause of action with regard to other claims arising under the chapter.

Id. Because the Florida Legislature has not created a private cause of action for violations of section 1006.20, Count Four of the Amended Complaint fails to state a claim and will be dismissed with prejudice.[7]

---

[7] Plaintiff cites to the Fourth District's opinion in Florida High School Athletic Association v. Rosenberg ex rel Rosenberg, 117 So. 3d 825 (Fla. 4th DCA 2013) for the contention that a student can use an alleged violation of Section 1006.20 as a basis for a lawsuit against defendant. (Doc. #45, p. 15.) However, this is a misreading of Rosenberg, in which the underlying lawsuit challenged defendant's administrative decision regarding a student's eligibility. Rosenberg, 117 So. 3d at 825. While the Fourth District noted section 1006.20 had been amended in 2012 "to

16

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #44) is **GRANTED in part and DENIED in part**. Counts Three and Four, as well as the request for declaratory judgment, of the Amended Complaint (Doc. #40) are dismissed with prejudice. The remaining requests in the Motion to Dismiss are denied.

2. Defendant's Motion for Oral Argument (Doc. #46) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of August, 2019.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

strengthen the due process protections of students involved in eligibility determinations of the FHSAA," id. at 826-27, the court did not state a violation of section 1006.20 created a private cause of action. Accordingly, the Court will rely on the Second District's holding in Miulli that the Florida Legislature did not intend to provide a private cause of action regarding claims arising under section 1006.20. See Murthy v. N. Sinha Corp., 644 So. 2d 983, 985 (Fla. 1994) ("[L]egislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressively provide for one.").