UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PRITCHARD,

        Plaintiff,

v.                                    Case No:  2:19-cv-94-FtM-29MRM

FLORIDA HIGH SCHOOL ATHLETIC
ASSOCIATION, INC.,

        Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint and Demand for Jury Trial (Doc. #76) Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and Supporting Memorandum of Legal Authority (Doc. #77) filed on March 9, 2020.  After being directed to do so by the Court, Plaintiff filed a Response (Doc. #86) on April 24, 2020, and defendant filed a Reply (Doc. #91) on May 8, 2020.  For the reasons that follow, the motion to dismiss is granted in part and denied in part.

**I.**

**A. Parties**

When this action commenced, plaintiff Thomas Pritchard was an eighteen-year-old high school senior at the Canterbury School in Fort Myers.  (Doc. #76, p. 2.)  Defendant Florida High School

Athletic Association, Inc. is a non-profit corporation and the athletic administrative organization that regulates student participation in Florida high school athletic programs. (Id.) As part of this regulation, defendant adopts and publishes bylaws relating to student-athlete eligibility. (Id. p. 3.) One such rule, Bylaw 9.5.1, limits student-athletes "to four consecutive school years of eligibility beginning with school year he/she begins ninth grade for the first time." (Id. p. 4.) The rule further states, "This does not imply that the student has four years of participation. After four consecutive school years, the student is permanently ineligible." Id.

**B. Factual Background**

According to the Second Amended Complaint, plaintiff participated in high school athletics during his ninth and tenth grade years in Virginia before transferring to Florida and attending Canterbury. (Id. pp. 4-6.) Based on a pre-enrollment assessment, Canterbury administrators recommended plaintiff repeat the tenth grade, which he did. (Id. pp. 6-7.) Plaintiff competed in the school's various sports during his tenth and eleventh grade years. (Id. p. 7.) During plaintiff's eleventh grade year, Canterbury staff recommended a psychologist test plaintiff's learning ability. (Id.) A full psychoeducational evaluation concluded plaintiff possessed a learning disorder with impairment in reading and comprehension. (Id.) Canterbury administrators

also identified a previous injury to plaintiff's hand as a physical disability that adversely affected his math proficiency.  (Id.)

Under defendant's Bylaw 9.5.1, eleventh grade was the final year of plaintiff's eligibility to participate in interscholastic competition because it was his fourth consecutive year in high school.  In August 2018, Canterbury filed a request with defendant to accommodate plaintiff's disabilities by waiving Bylaw 9.5.1 and allowing a fifth year of eligibility.  (Id. p. 8.)  Defendant's Sectional Appeals Committee held a hearing on the matter on September 6, 2018 and ultimately denied the request for a waiver.[1] (Id. p. 9.)  A second hearing was held on October 4, 2018 with the same result.  (Id. p. 10.)  Plaintiff appealed the Committee's decision to defendant's Board of Directors, which conducted a hearing on October 28, 2018 and upheld the Committee's decision. (Id. p. 11.)

**C. Procedural History**

Plaintiff initiated this matter in February 2019 and filed a Second Amended Complaint (Doc. #76) on February 25, 2020.  The Second Amended Complaint alleges the following three claims: (1) disability discrimination under the Americans with Disabilities Act ("ADA"); (2) disability discrimination under the

---

[1] The Committee determined that the decision to have plaintiff repeat the tenth grade was "a parental choice in order to place the student in a private school setting."  (Doc. #76, p. 9.)

Rehabilitation Act of 1973; and (3) violations of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. (Doc. #76, pp. 11-24.) The Second Amended Complaint asserts the Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1331[2] and 28 U.S.C. § 1367. (Id. ¶ 7.)

On March 9, 2020, defendant filed the motion to dismiss currently before the Court, arguing the Court lacks subject matter jurisdiction over Count Three of the Second Amended Complaint. (Doc. #77.) After plaintiff failed to respond to the motion, the Court ordered him to do so. (Doc. #85.) On April 24, 2020, Plaintiff filed a Response (Doc. #86), to which defendant filed a Reply (Doc. #91) on May 8, 2020. The matter is now ripe for review.

**II.**

**A. Legal Standards**

Defendant seeks dismissal of Count Three under Federal Rule of Civil Procedure 12(b)(1), which provides for dismissal of an action if the Court lacks subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) can be asserted on either facial or factual grounds. Carmichael v. Kellogg, Brown & Root Servs., Inc.,

---

[2] The pleading actually asserts jurisdiction under 29 U.S.C. § 1131 (Doc. #76, ¶ 7), but plaintiff has acknowledged this was a scrivener's error (Doc. #86, p. 1).

572 F.3d 1271, 1279 (11th Cir. 2009).   A facial attack to the court's jurisdiction, like the one here, requires the court to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, accepting the allegations as true.   <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990).

## B. Analysis

As noted, Count Three of the Second Amended Complaint contains two claims, alleging violations of the Fourteenth Amendment of the United States Constitution and Article I, Section 9 of the Florida Constitution.   (Doc. #76, p. 21.)   Specifically, plaintiff alleges defendant violated his substantive due process rights when it "arbitrarily, maliciously, capriciously, irrationally and in bad-faith denied his Bylaw 9.5.1 waiver."   (<u>Id.</u>)

In its motion, defendant argues this Court does not have subject matter jurisdiction over Count Three because "the privilege of participating in interscholastic athletics falls outside the rights, privileges and immunities secured by the Constitution of the United States and protected by the Federal Courts."   (Doc. #77, p. 3.)   Accordingly, defendant argues Count Three should be dismissed with prejudice.   (<u>Id.</u> p. 7.)   The Court will address each claim in Count Three separately.[3]

---

[3] The Federal Rules of Civil Procedure require parties to limit claims "as far as practicable to a single set of circumstances," and to state in a separate count "each claim founded on a separate transaction or occurrence." Fed. R. Civ. P.

**(1)  Fourteenth Amendment Claim**

Plaintiff  must  affirmatively  allege  facts  that,  taken  as true,  show  the  existence  of  federal  subject  matter  jurisdiction. Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).  "In a given case, a federal district court must have  at  least  one  of  three  types  of  subject  matter  jurisdiction: (1)  jurisdiction  under  a  specific  statutory  grant;  (2)  federal question  jurisdiction  pursuant  to  28  U.S.C.  §  1331;  or  (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction exists if the cause of action arises from the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

Plaintiff argues the Court has federal question jurisdiction over  Count  Three  because  the  claim  alleges  a  violation  of  the Fourteenth Amendment.  However, even if a complaint alleges injury to federal rights, a court should not entertain the lawsuit "where

---

10(b).  However,  "[w]here  several  claims  are  being  asserted, separation is necessary only when each claim is based on a separate transaction or occurrence and doing so would facilitate the clear presentation  of  the  matters  set  forth."   Howard v. Wells Fargo Bank, N.A., 2016 WL 3447514, *3 (M.D. Fla. June 23, 2016) (marks and citations omitted)).  Here, Count Three does not violate Rule 10(b)  because  the  facts  alleged  arise  out  of  a  single  "set  of circumstances," i.e., the waiver denial.

the alleged claim under the Constitution . . . is wholly insubstantial and frivolous." Fountain v. Metro. Atlanta Rapid Transit Auth., 678 F.2d 1038, 1042 (11th Cir. 1982) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). "This exception applies when the federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Yeh Ho v. Sabocik, 775 Fed. App'x 551, 553 (11th Cir. 2019) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)). Where this narrow exception applies, dismissal for lack of subject-matter jurisdiction is proper. Id. The Court finds plaintiff's Fourteenth Amendment claim falls within this narrow exception.

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court has interpreted this clause to provide two distinct guarantees: substantive due process and procedural due process. DeKalb Stone, Inc. v. Cty. of DeKalb, Ga., 106 F.3d 956, 959 (11th Cir. 1997) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)). "Substantive due process includes both the protections of most of the Bill of Rights, as incorporated through the Fourteenth Amendment, and also the more general protection against 'certain arbitrary, wrongful government actions regardless of the fairness

of the procedures used to implement them.'" Id. (quoting Zinermon,
494 U.S. at 125).

Plaintiff alleges his substantive due process rights were
violated by the denial of his waiver request.   However, as
defendant argues, there is no constitutional right to participate
in high school athletics.   See Davenport by Davenport v. Randolph
Cty. Bd. of Educ., 730 F.2d 1395, 1397 (11th Cir. 1984) ("This
court has held that '[t]he privilege of participating in
interscholastic activities must be deemed to fall . . . outside
the protection of due process.'" (quoting Mitchell v. La. High
Sch. Athletic Ass'n, 430 F.2d 1155, 1158 (5th Cir. 1970)); Walsh
v. La. High Sch. Athletic Ass'n, 616 F.2d 152, 159 (5th Cir. 1980)
("A student's interest in participating in a single year of
interscholastic athletics amounts to a mere expectation rather
than a constitutionally protected claim of entitlement.")[4]; Gates
v. Bd. of Dirs. of Fla. High Sch. Athletic Ass'n, 2008 WL 2025848,
*1 (N.D. Fla. May 9, 2008) ("Under the settled law of the circuit,
a student's interest in playing interscholastic sports is not
protected by the due process clause.").   As there is no

---

[4] "[D]ecisions of the United States Court of Appeals for
the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that
court existed on September 30, 1981, handed down by that court
prior to the close of business on that date, shall be binding as
precedent in the Eleventh Circuit, for this court, the district
courts, and the bankruptcy courts in the circuit." Bonner v. City
of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

constitutional right to participate in high school athletics, the Court finds plaintiff's substantive due process rights could not have been violated by the denial of his waiver request. Accordingly, the Fourteenth Amendment portion of Count Three is "completely devoid of merit," Steel Co., 523 U.S. at 89, and will be dismissed without prejudice for lack of subject matter jurisdiction.[5]

**(2)  Article I, Section 9 Claim**

Count Three also alleges defendant violated Article I, Section 9 of the Florida Constitution, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law."  Art. I, § 9, Fla. Const.  The Second Amended Complaint asserts the Court can exercise jurisdiction over this claim pursuant to 28 U.S.C. § 1367.  (Doc. #76, ¶ 7.)  While defendant's motion broadly includes this portion of Count Three in the request to dismiss for lack of subject matter jurisdiction (Doc. #77, p. 6), it does not address the substantive merits of

---

[5] While defendant requests the Court dismiss the claim with prejudice, "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008); see also Yeh Ho, 775 Fed. App'x at 554-55 (finding district court properly determined it lacked subject-matter jurisdiction over federal claims but erred in dismissing with prejudice).

the state law claim or the supplemental jurisdiction issue.[6] Accordingly, the Court will deny defendant's motion to the extent it seeks to dismiss the Florida portion of Count Three for lack of subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint and Demand for Jury Trial (Doc. #76) Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) (Doc. #77) is **GRANTED in part and DENIED in part**.  For the reasons stated above, the Fourteenth Amendment portion of Count Three of the Second Amended Complaint is dismissed without prejudice.  Count Three is deemed to allege only a claim under the Florida Constitution, and defendant shall file its answer to Count Three within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of June, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] While defendant does address the substantive state law claim and supplemental jurisdiction in its Reply (Doc. #91, pp. 2-4), "District Courts, including this one, ordinarily do not consider arguments raised for the first time on reply," Allah El v. Avesta Homes, 2012 WL 515912, *3 (M.D. Fla. Feb. 16, 2012).

Copies: Counsel of record