UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PRITCHARD,

      Plaintiff,

v.                                    Case No:  2:19-cv-94-FtM-29MRM

FLORIDA HIGH SCHOOL ATHLETIC
ASSOCIATION, INC.,

      Defendant.

---

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Reconsideration of the Portion of Court's Opinion and Order Related to Plaintiff's Florida Constitution Article I Section 9 Claim (Doc. #99) filed on June 15, 2020.  For the reasons set forth below, the motion is denied.

**I.**

A non-final order may be revised at any time before the entry of a final judgment.  Fed. R. Civ. P. 54(b).  The decision to grant a motion for reconsideration is within the sound discretion of the trial court, Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993), and courts have delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice," Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D.

689, 694 (M.D. Fla. 1994) (citation omitted). Additionally, appropriate circumstances for reconsideration include situations in which "the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination." United States v. Halifax Hosp. Med. Ctr., 2013 WL 6284765, *1 (M.D. Fla. Dec. 4, 2013).

However, reconsideration of a court's order "is an extraordinary remedy and a power to be 'used sparingly,'" Santamaria v. Carrington Mortg. Servs., LLC, 2019 WL 3537150, *2 (M.D. Fla. July 10, 2019) (citation omitted), with the burden "upon the movant to establish the extraordinary circumstances supporting reconsideration," Mannings v. Sch. Bd. of Hillsborough Cty., Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). The motion "must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Santamaria, 2019 WL 3537150, *2 (citation omitted).

## II.

On February 25, 2020, plaintiff filed a three-court Second Amended Complaint against defendant, alleging the following: (1) disability discrimination under the Americans with Disabilities Act ("ADA"); (2) disability discrimination under the Rehabilitation Act of 1973; and (3) violations of the Fourteenth Amendment to the United States Constitution and Article I, Section

9 of the Florida Constitution.  (Doc. #76, pp. 11-24.)  The Second Amended Complaint asserts the Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  (Id. ¶ 7.)

On March 9, 2020, defendant filed a motion to dismiss, arguing the Court lacked subject matter jurisdiction over Count Three of the Second Amended Complaint.  (Doc. #77.)  On June 1, 2020, the Court partially granted the motion, and the Fourteenth Amendment portion of the claim was dismissed.  (Doc. #94.)  However, because defendant failed to address the substantive merits of the Florida portion of the claim or the supplemental jurisdiction issue, the Court declined to dismiss that portion of Count Three.  (Id. pp. 9-10.)  In so ruling, the Court acknowledged that defendant addressed these issues in its reply brief, but declined to consider an argument raised for the first time on reply.  (Id. p. 10, n.6 (quoting Allah El v. Avesta Homes, 2012 WL 515912, *3 (M.D. Fla. Feb. 16, 2012)).

Defendant now seeks reconsideration of the Court's prior Opinion and Order, and requests the Court dismiss the Florida portion of Count Three.  (Doc. #99.)  In making this request, defendant "respectfully suggests that the Rule preventing Courts from considering arguments not raised until the Reply should not apply in this case."  (Id. p. 1.)  In support, defendant relies

upon <u>Broughton v. HPA Subway, Inc.</u>, 2011 WL 1321728 (S.D. Ala. Apr. 5, 2011), in which the court stated the following:

> In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief.

<u>Id.</u> at *1, n.2 (citation and marks omitted). Defendant asserts that none of these situations apply in this case, and therefore the Court should consider the jurisdictional argument raised in the reply brief. (Doc. #99, pp. 3-5.)

Having considered defendant's argument, the Court will deny the motion for reconsideration. As noted, courts have delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." <u>Sussman</u>, 153 F.R.D. at 694. Additionally, reconsideration is appropriate when "the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination." <u>Halifax Hosp. Med. Ctr.</u>, 2013 WL 6284765, *1. Here, defendant fails to argue under which of these grounds reconsideration is justified, which alone is reason to deny the motion. See <u>Sporea v. Regions Bank N.A.</u>, 2020 WL 820269, *1 (S.D. Fla. Feb. 19, 2020) ("[T]he Motion

fails to address any of the three potential grounds justifying reconsideration and therefore fails to set forth any ground warranting reconsideration."). However, even if the Court construes defendant's argument as a suggestion the Court committed clear error or manifest injustice by refusing to consider arguments raised for the first time in a reply brief, the Court is not convinced. Count Three of the Second Amended Complaint clearly alleged claims under the Fourteenth Amendment and the Florida Constitution, and yet defendant failed to address the supplemental jurisdiction of the Florida portion of the claim until its reply brief. The Court refused to consider an argument raised for the first time in a reply brief, and while defendant may disagree with that decision, it has failed to demonstrate the Court committed clear error or manifest injustice. See Galle v. Nationstar Mortg., LLC, 2018 WL 3390238, *1 (M.D. Fla. Jan. 25, 2018) ("That Nationstar disagrees with the Court's conclusion is not a basis for reconsideration of that conclusion.").

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reconsideration of the Portion of Court's Opinion and Order Related to Plaintiff's Florida Constitution Article I Section 9 Claim (Doc. #99) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of June, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record